IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AKHIKPEMEL BRAIMAH, ) | |
| ) | |
| Plaintiff, ) | 4:03cv3135 |
| ) | |
| vs. ) | MEMORANDUM AND ORDER |
| ) | |
| FRANCIS SHELTON, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on filing nos. 172 and 174, post-judgment motions filed by the plaintiff, Akhikpemel Braimah. Judgment has been entered dismissing this case, without prejudice, because the plaintiff failed to exhaust administrative remedies before filing his complaint in the above-entitled case. See 42 U.S.C. § 1997e(a)[1] of the Prison Litigation Reform Act ("PLRA"). The United States Supreme Court has stated that exhaustion is mandatory. See Porter v. Nussle, 534 U.S. 516, 524 (2002); Booth v. Churner, 532 U.S. 731, 733-34 (2001). Therefore, filing nos. 172 and 174 are denied.

November 16, 2005.          BY THE COURT:

/s *Richard G. Kopf*
United States District Judge

---

[1] 42 U.S.C. § 1997e(a) states:

(a) Applicability of administrative remedies
No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.